Johnson et al. *v.* Reid, Appellant.

Argued October 24, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Raymond Pace Alexander,* and with him *John Francis Williams* and *Maceo W. Hubbard,* for appellant.

*Oscar Rosenbaum,* for appellees.

OPINION BY LINN, J., November 14, 1928:

These appeals are from judgments for personal injuries sustained by a wife and resulting damages to her husband. The only complaint made is that the verdicts are excessive; we do not think so. We adopt the following statement from the opinion of President Judge MARTIN in the court below.

"The testimony was to the effect that Mrs. Johnson was earning $11 a week at the time of the injury, and received two meals a day from her employer. The accident occurred on the 8th of September, 1926. The case was tried on May 22, 1928. Had she continued to earn the same amount from the time she was injured until the trial, twenty months, she would have earned $880 or $900. If she was getting two meals a day, a very low figure of fifteen cents a meal, or thirty cents a day, would fix her loss in the value of that item at $180. Measuring her loss of earnings and value of meals as amounting to $960, leaves $540 for pain, suffering and inconvenience. If she received the injuries of which she complained, the verdict was not so excessive as to shock the conscience of the court and warrant granting a new trial.

"The jury was charged, 'If you render a verdict for plaintiffs, the husband should be entitled to recover whatever expense he incurred by reason of the injuries, and also reasonable compensation for the loss of services of his wife. Loss of service means whatever aid, comfort and assistance a wife is expected to bestow upon her husband under the circumstances and in the condition of life in which they are placed. There

is no standard for that, but it is left to the discretion of the jury to determine the amount.'

"The husband testified that he had not received a bill from the doctor. He estimated the amount he paid for medicine per week at about $2 or $3. He was asked: 'Q. Did you pay any one to take care of her, or did you take care of her yourself? A. I did it all myself, but sometimes I got somebody to look after her while I am away on my work; then I would pay them what they charged.'

"This evidence is not sufficiently clear to base a verdict for money expended for his wife, but $500 is not an excessive award for the loss of services of the wife."

No. 320 judgment affirmed.
No. 321 judgment affirmed.